## JOHN HART *versus* JOB TYLER.

In assumpsit, under the general count for the price of goods sold and delivered, it
appeared, that the plaintiff left the goods with a third person, and desired him to
deliver them to the defendant, when they should be called for ; that however they
were not called for by the defendant, but remained in the possession of such third
person. It was *held*, that this was not a delivery of the goods to the defendant,
and therefore that the count was not supported by the evidence.

The declaration alleged, that in consideration that the plaintiff had sold to the de-
fendant 276 sides of leather, and had agreed to deliver them to him, the defendant
promised to accept them and to pay the plaintiff therefor, the weight of the leather
to be determined by the inspection. The plaintiff proved that the defendant agreed
to purchase of him a certain lot of leather then in the tan-vats, and to take so
much of it as should be stamped " Good " by the inspector. This was *held* to be
a variance.

ASSUMPSIT. The first count in the declaration alleged,
that the defendant, on March 1, 1832, being indebted to the
plaintiff in the sum of $506·41, for the purchase of 162 sides
of leather, weighing 2132¼ pounds, at 23¾ cents a pound,
and the inspection thereof 2 cents on a side, $3·24, amounting
in the whole to the sum of $509·65, with interest from March
1, 1832, in consideration thereof promised to pay the plain
tiff that sum on demand ; but that he has refused so to do.

The second count alleged, that on January 10, 1832, in con-
sideration that the plaintiff, at the special request of the defend-
ant, had bargained and sold to him 276 sides of tanned leather
at the rate of 23¾ cents a pound, cash payment, and had agreed
to deliver the leather to him, the defendant promised the plain
tiff to accept the leather and to pay him therefor at that rate,
the weight of the leather to be determined by the lawful in-
spection thereof ; that afterwards, in the same month of Janu-
ary, the plaintiff delivered to the defendant 114 sides, parcel
of the 276 sides, and the defendant accepted the same ; that
from the time of the promise the plaintiff has been ready and

Hart
   v.
Tyler.

willing, and on March 1, 1832, offered to deliver to the defendant the remaining 162 sides, weighing 2132¼ pounds as ascertained by the inspection, and requested the defendant to accept the same, and to pay the plaintiff the price thereof, amounting to the sum of $509·65, pursuant to the contract; but that the defendant refused to accept them or to pay for the same or any part thereof.

The declaration also contained the general counts. At the trial, before *Morton* J., the plaintiff produced as a witness one Proctor, who testified, that he was present when the contract for the sale of the leather was made; that, as he understood it, the defendant was to take the lot, which consisted of 270 or 280 sides, and to pay 23¾ cents per pound, cash; that the defendant wanted 100 sides or thereabouts taken out of the vats immediately, and the remainder, in the course of four or six weeks, at such times as that it could be dried without freezing, and that he agreed to take so much of it as should be stamped "Good," by the inspector; and that some would probably be rejected by the inspector.

Andrew Tow, called by the plaintiff, testified, that the plaintiff left the leather at his (Tow's) tannery, gave him the weight of it, and wished him to deliver it to Hosea West, when he should call for it on the part of the defendant; and that 100, 115, or 120 sides of it were delivered to West, for the defendant, in the beginning of February, 1832.

It was admitted by the plaintiff, that the leather so delivered to the defendant, and which, in fact, consisted of 114 sides, was paid for by the defendant.

The jury returned a verdict for the plaintiff. The defendant moved for a new trial, because the evidence was not sufficient to warrant a verdict for the plaintiff on any of the counts in the declaration.

*Nov. 5th.*   *Saltonstall* and *Lord*, for the defendant, cited *Penny* v. *Porter*, 2 East, 2; *Bristow* v. *Wright*, 2 Dougl. 665; *Stanwood* v. *Scovel*, 4 Pick. 422; *Robertson* v. *Lynch*, 18 Johns. R. 451.

*Proctor*, for the plaintiff, cited Lawes on Assumpsit, 4, 5, 11, 26; *Stennel* v. *Hogg*, 1 Wms's Saund. 227.

*Nov. 8th.*   *Per Curiam.* It is clear upon the evidence, that the plaintiff cannot recover upon his first count, for goods sold and

delivered, because as to that portion of the leather now sued for, it was never delivered.

<div style="float:right">Hart<br>v.<br>Tyler.</div>

In the second count he sets out an executory contract, by the defendant, to accept and pay for a certain lot, to wit, 276 sides sole leather &c., the weight to be determined by the inspection. The proof is, that the defendant agreed to purchase a certain lot of leather then in the vats, and to accept and pay for all that portion of the lot, which on inspection should be approved and marked as " Good." . There is a fatal variance between the contract declared on, and the contract proved, and the verdict must be set aside. *Penny v. Porter*, 2 East, 2.

*New trial granted.*